UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE UNITED STATES OF AMERICA : | |
| : | |
| VS. : | |
| : | Cr. No. 1:18-mj-00154-PAS |
| CHRISTOPHER KINNEY : | |
| Defendant : | |
| : | |

**UNITED STATES' OBJECTION TO CURRENT FORM OF COURT'S "ORDER SETTING CONDITIONS OF RELEASE" AND MOTION TO MODIFY RELEASE CONDITIONS**

Now comes the United States, by and through its attorneys, Stephen G. Dambruch, Unites States Attorney, and Ronald R. Gendron, Assistant United States Attorney, and hereby objects to the current form of the Court's "ORDER SETTING CONDITIONS OF RELEASE" and, as grounds therefore, asserts that it contains certain language inconsistent with the actual release conditions set by the Court.

On April 27, 2018, defendant was arraigned on a complaint charging him with attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b), distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Over the objection of the United States, the Court release Defendant on unsecured bond and set certain conditions of release. Page 3 of the Court's Order, Docket No. 6, entitled "Additional Conditions of Release," contains the following paragraphs:

> The defendant shall permit the probation officer, who may be accompanied by either local, state, or federal law enforcement authorities, **upon reasonable suspicion of a violation of supervision**, to conduct a search of the defendant's residence, automobile, workplace, **computer, and other electronic communication or data storage devices or media.**
>
> The defendant must submit to unannounced examination of his/her computer or other electronic equipment by the probation officer, who may be accompanied by either local, state, or federal law enforcement authorities, which may include

1

>retrieval and copying of all data from the computer to ensure compliance with this condition. In addition, the defendant must consent to the removal of such equipment for the purpose of conducting a more thorough investigation and must allow, at the discretion of the probation officer, installation on the defendant's computer any hardware or software system to monitor his/her computer use. To include work phone.

(Emphasis added.)

The second paragraph, supra, accurately reflects one of the conditions of release set by the Court, namely, Defendant must allow Probation to examine his electronic devices on demand, even in the absence of reasonable suspicion that a violation has occurred. The paragraph preceding it, however, contains language inconsistent with that directive, namely:

>**upon reasonable suspicion of a violation of supervision**, [Probation may] conduct a search of … **computer, and other electronic communication or data storage devices or media.**

Aside from the fact that Defendant should not be in possession of any internet-capable electronic devices at this time, [1] the aforementioned language explicitly contradicts the language in the paragraph subsequent to it, creating a "reasonable suspicion" requirement relating to electronic-device searches where the Court imposed none.  This contradictory language creates ambiguity and confusion for the parties and Probation regarding Defendant's obligations,

---

[1] The Order also specifies "The defendant must not use, possess, procure, or otherwise obtain any electronic device **that can be linked to any computer networks**…" Docket No. 6, p. 3 (emphasis added).  It should be noted that during a post-arrest Mirandized interview with Defendant, he indicated that the only way he connected to the internet was through use of his iPhone and denied possessing computers or other devices that enabled him to do the same.  Subsequently, computers and other forms of digital storage media were seized from Defendants' residence on the evening of April 27, 2018 pursuant to a federal search warrant and, as of this writing, law enforcement has become aware that Defendant this past weekend instructed his mother to go to his place of employment to retrieve a tablet computer from his work vehicle.  The tablet in question was obtained by law enforcement.

Probation's responsibilities, and what conduct would constitute a violation of Defendant's release conditions.

## CONCLUSION

WHEREFORE, the United States respectfully requests that the offending language, to wit "**computer, and other electronic communication or data storage devices or media**" be removed from the second paragraph of Page 3, entitled "ADDITIONAL CONDITIONS OF RELEASE."

Respectfully submitted,
UNITED STATES OF AMERICA
By its Attorneys,

STEPHEN G. DAMBRUCH
United States Attorney

/s/ Ronald R. Gendron
RONALD R. GENDRON, RI # 4412
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI  02903
*P:* (401) 709-5000
*F:* (401) 709-5001
ronald.gendron@usdoj.gov

## CERTIFICATE OF SERVICE

I, hereby certify that on this 30th day of April 2018, I caused the within document to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF System.

/s/ Ronald R. Gendron
RONALD R. GENDRON
Assistant U.S. Attorney