UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**UNITED STATES**

**V.**                                                                                     **CR. NO.: 18-68-WES-PAS**

**CHRISTOPHER KINNEY**

**DEFENDANT'S OBJECTION TO PARAGRAPH 94 OF THE REVISED FINAL PRESENTENCE INVESTIGATION REPORT**

Mr. Kinney appeared before this Court on May 18, 2018. He was arraigned on an indictment charging him in Count 1, Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b); Counts 2 and 3, Production of Child Pornography, in violation of 18 U.S.C. § 2251(a); Count 4, Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1); Count 5, Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1); Count 6, Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Mr. Kinney admitted guilt to Counts 1, 4, and 6 on May 30, 2019. In exchange for his admission of guilt, the government agreed to dismiss Counts 2, 3, and 5 at the sentencing hearing pursuant to the plea agreement between the parties. Doc 29.

While this matter was pending before this court, the State of Rhode Island obtained an indictment charging Mr. Kinney with the following offenses: Count 1, First Degree Child Molestation Sexual Assault against JF in violation of R.I.G.L. §11-37-8.1; Count 2, Second Degree Child Molestation Sexual Assault against JF in violation of R.I.G.L. §11-37-8.3; Count 3, First Degree Child Molestation Sexual Assault against JF in violation of R.I.G.L. §11-37-8.1; Count 4, Second Degree Sexual Assault against JF in violation of R.I.G.L. §11-37-8.3; Count 5, Second Degree Sexual Assault against JF in violation of

1

R.I.G.L. §11-37-8.3; Count 6, Second Degree Sexual Assault against JF in violation of R.I.G.L. §11-37-8.3; Count 7, Second Degree Sexual Assault against JF in violation of R.I.G.L. §11-37-8.3; Count 8, First Degree Child Molestation Sexual Assault against JF in violation of R.I.G.L. §11-37-8.1; Count 9, Second Degree Child Molestation Sexual Assault against YG in violation of R.I.G.L. §11-37-8.3; Count 10, First Degree Child Molestation Sexual Assault against CC in violation of R.I.G.L. §11-37-8.1. Excepting Count 9, the indictment alleges that the criminal conduct took place between October 10, 2009 and October 9, 2014. The date of offense alleged in Count 9 is April 9, 2013.  See ECF No. 36 ¶102.

The state's indictment was filed on September 5, 2018. Mr. Kinney has been in federal custody since May 18, 2019. Consequently, Mr. Kinney has not been arraigned on the state indictment.

The First Disclosed Presentence Investigation Report (PSI) was filed on August 9, 2019.ECF No. 30.  As to Count 1, Coercion and Enticement of a Minor, the PSI calculated Mr. Kinney's Adjusted Offense Level as 30. ECF No. 30 ¶ 80. Due to the nature of offenses, Count 4, Distribution of Child Pornography and Count 6, Possession of Child Pornography were grouped and calculated together. The Adjusted Offense Level for Counts 4 and 6 was calculated as Level 32. ECF No. 30 ¶ 89. Count 1 was classified as Group 1 and assigned 1 Unit. Counts 4 and 6, considered together in Group 2, were assigned 1 unit. Two points were added to the greater Adjusted Offense Level, which is 32.  ECF No. 30 ¶ 92. The Combined Adjusted Offense Level was designated at Level 34. Level 34 was reduced by 3 points to Level 31 pursuant to U.S.S.G §3E1.1(a) & (b). ECF No. 30 ¶ 97.  The resulting Total Offense Level was 31 with a sentencing range 108 months to 135 months. ECF No. 30 ¶ 129.

A Final PSI was filed on September 9, 2019. ECF No. 31. The calculations contained in the First Disclosed PSI were identical to the calculations set forth in the Final PSI. Neither the First Disclosed nor the Final PSI recommended a 5 level enhancement under U.S.S.G. § 4.B "Career Offenders And Criminal Livelihood." ECF No. 31 ¶ Paragraph 94.

Sentencing was originally scheduled for September 13, 2019. Prior to the sentencing hearing, the government objected to the Final PSI. The Final PSI did not factor the substantive counts of the state court indictment as relevant conduct into the guideline calculation pursuant to U.S.S.G. § 4B1.5.

A Revised, Final PSI was filed on September 27, 2019. ECF No. 36. The Revised Final PSI altered the calculations of the First and Final PSI. The Revised Final PSI applied U.S.S.G. §4B1.5 and increased the original guideline calculation by 5 levels.  Mr. Kinney's Total Offense Level increased from Level 34 to Level 39. ECF No. 36 ¶¶ 93, 94. Three points were subtracted pursuant to U.S.S.G. § 3E1,1(a) & (b). ECF No. 36 ¶¶ 95, 96. The Final Revised PSI calculated the Total Offense Level at Level 36. ECF No. 36 ¶ 97. The sentencing range for Level 36 is 188-235 months to serve. ECF No. 36 ¶ 129. Considering the high end of the applicable guideline range for a level 31 to a level 36, there is a significant 100 month increase on the basis of a pending indictment.

ARGUMENT:

Paragraphs 68 and 102 of the Revised Final PSI notes an indictment pending against Mr. Kinney in the State of Rhode Island, docket no.: P1/2018-2635A. [1] ECF No. 36. Mr. Kinney was in custody at the time the state court indictment was filed. Mr. Kinney

---

[1] Mr. Kinney does not know whether the information obtained during the interviews led the Rhode Island grand jury to indict.

3

has not been arraigned on the pending indictment. The Revised Final PSI does not state specific, reliable facts relied upon by the State of Rhode Island in obtaining the indictment against Mr. Kinney.

The Revised Final PSI applied U.S.S.G. § 4B1.5 and increased the guideline calculation by 5 levels, changing Mr. Kinney's Total Offense Level from Level 31 to Level 36. U.S.S.G. §4B1.5 provides for a 5 level enhancement for Repeat and Dangerous Sex Offender Against Minors. Paragraph 94 of the Revised Final PSI states: "Chapter Four Enhancement: The offense of conviction is a covered sex crime, neither §4B1.1 (Career Offender) nor subsection (a) of §4B1.5 applies and the defendant engaged in a pattern of activity involving prohibited sexual conduct. Therefore, the defendant is a repeat and dangerous sex offender against minors. The offense level shall be 5 plus the offense level determined under Chapters Two and Three." The government bears the burden of establishing a factual basis to show a pattern of activity involving prohibited sexual conduct.

In order for the U.S.S.G. § 4B1.5 enhancement to apply, the instant offense of conviction must fall within a category of covered sex crimes set forth in the guidelines. U.S.S.G. § 4B1.5 cmt. n. 2 lists the category of covered crimes. "Covered Sex Crime as Instant Offense of Conviction.—For purposes of this guideline, the instant offense of conviction must be a covered sex crime, *i.e.*: (A) an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 110 of such title, *not including trafficking in, receipt of, or possession of child pornography*, or a recordkeeping offense; (iii) chapter 117 of such title, not including transmitting information about a minor or filing a factual statement about an alien individual; or (iv)

4

18 U.S.C. § 1591; or (B) an attempt or a conspiracy to commit any offense described in subdivisions (A)(i) through (iv) of this note." U.S.S.G. § 4B1.5 cmt. n. 2 (Emphasis Added).

Criminal offenses listed in Title 18, Chapter 109A - Sexual Abuse, Chapter 110 - Sexual Exploitation and other Abuse of Children, or Chapter 117 - Transportation For Illegal Sexual Activity And Related Crimes are within the category of covered offenses for the application of U.S.S.G. §4B1.5. Chapter 109A of Title 18 U.S.C. addresses Sexual Abuse and covers offenses set forth is 18 U.S.C. §§ 2241 - 2248. Chapter 110 of Title 18 U.S.C. addresses Sexual Exploitation and other abuse of children as set forth in 18 U.S.C. §§ 2251-2260. Chapter 117 of Title 18 U.S.C. pertains to Transportation for illegal sexual activity and Related Crimes. The criminal statutes within Chapter 117 are 18 U.S.C. §§ 2421-2429.

Mr. Kinney pled guilty to three counts of the federal indictment: Count 1: Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b);  Count 4: Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) and; Count 6: Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

Count 4: Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) and Count 6: Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) are offenses listed in Title 18, Chapter 110, however, these particular crimes do not qualify as covered offenses. 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4)(B), in relevant part state:

"(a) Any person who-

    (2) knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means

5

      including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if-

          (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

          (B) such visual depiction is of such conduct;

    (4) either-

          (A) knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if-

              (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

              (ii) such visual depiction is of such conduct; shall be punished as provided in subsection (b) of this section.

Trafficking in, receipt of, or possession of Child Pornography are excluded as covered offenses for the purpose of a Chapter 4 enhancement. Note 2.

    Count 1: Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b) is an offense listed in U.S.C. Title 18, Chapter 117.  18 U.S.C. § 2422(b) states, "(b) Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18

6

years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life." Count 1, the offense of conviction, qualifies as a covered offense. The offense of conviction may be considered to determine a pattern. *U.S.S.G. §4B1.5 cmt. n. 4(b)*

As noted above, in order for a 5 level enhancement pursuant to U.S.S.G. § 4B1.5 of the guidelines to apply, the burden is on the government to prove the existence of a pattern of activity involving prohibited sexual conduct with a minor. To qualify as a pattern, there must be at least two separate instances of prohibited sexual conduct with a minor. U.S.S.G. §4B1.5 cmt. n.4(B)(i). U.S.S.G. §4B1.5 cmt. n.4(A) defines prohibited sexual conduct.

"For purposes of subsection (b), "*prohibited sexual conduct*" means any of the following:

> (i) any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B); (ii) the production of child pornography; or (iii) trafficking in child pornography only if, prior to the commission of the instant offense of conviction, the defendant sustained a felony conviction for that trafficking in child pornography. It does not include receipt or possession of child pornography. "*Child pornography*" has the meaning given that term in 18 U.S.C. § 2256(8).

U.S.S.G. §4B1.5 cmt. n. 4(A)(ii) and (iii) are inapplicable in this case as it pertains to production or trafficking in child pornography. Receipt or possession of child pornography are specifically excluded as prohibited sexual conduct. Trafficking in child pornography would be considered prohibited sexual conduct if Mr. Kinney was previously convicted for that offense. Mr. Kinney has no prior criminal convictions, therefore trafficking in child pornography is excluded as qualifier for prohibited sexual conduct.

Counts 4 & 6 of the federal indictment do not meet the definition of prohibited sexual conduct and do not qualify for use to establish a pattern.

ECF 36 ¶ 94, on information and belief, relies upon the state court indictment to establish an instance of prohibited sexual conduct with a minor to support the 5 point enhancement under U.S.S.G. § 4B1.5.  Criminal conduct constituting an offense under state law does not qualify as prior sexual conduct unless that conduct would have been an offense under federal law had occurred within the special maritime and territorial jurisdiction of the United States.  *18 U.S.C. § 2426(b)(1)(B).*

The government bears the burden of proving a factual basis to establish a pattern of prohibited activity by a preponderance of the evidence. See *United States v. Cox*, 851 F.3d 113, 120 (1st Cir. 2017).  "The Guidelines state that it is "appropriate" that facts relevant to sentencing be proved by a preponderance of the evidence, USSG § 6A1.3, comment., and we have held that application of the preponderance standard at sentencing generally satisfies due process." *McMillan v. Pennsylvania,* 477 U.S. 79, 91-92 (1986). That is not the case here. Neither the indictment or the Final Revised PSI allege "facts" constituting prohibited sexual conduct.

"Generally, a PSR bears sufficient indicia of reliability to permit the district court to rely on it at sentencing." *United States v. Cyr*, 337 F.3d 96, 100 (1st Cir. 2003). The defendant is free to challenge any assertions in the PSR with countervailing evidence or proffers, in which case the district court is obliged to resolve any genuine and material dispute on the merits." *United States v. Cox*, 851 F.3d 113, 121 (1st Cir. 2017).

An indictment "conclusively determines the existence of probable cause." *Ex Parte United States*, 287 U.S. 241, 250  (1932).  An indictment is not evidence of the reliability of unsubstantiated allegations. Not only does the state court indictment filed against Mr.

8

Kinney fail to establish a factual basis for the alleged conduct needed to support an enhancement under pattern activity, the indictment fails to meet the preponderance of the evidence standard. This case is the exception to the generality of sufficient indicia of reliability. The only information offered is the state court indictment. The lack of factual information precludes this Court from applying a § 4B1.5 enhancement.

There is no limitation on the information a sentencing court may consider relative to the background, character, and conduct of a person convicted of an offense in fashioning an appropriate sentence. *See 18 U.S.C. §3661*. "The Supreme Court has held that the guidelines' grant of discretion to sentencing judges to consider a defendant's other relevant conduct, including uncharged or unconvicted conduct, is consistent with both the Sentencing Reform Act and principles of due process, provided that the underlying facts are found by a preponderance of the evidence. *United States v. Watts,* 519 U.S. 148, 153-56, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997).

With respect to the state indictment, Mr. Kinney enjoys the privilege against self-incrimination and the right to counsel in answering and defending against the state charges. Mr. Kinney is entitled to discovery pursuant to state court rules. Requiring Mr. Kinney to respond to the allegations in the state indictment in order to avoid an enhanced sentence in a different court is unconstitutional as it would deprive him of due process.

"The defendant may object to facts in the PSR, but "if [his] objections to the PSR are merely rhetorical and unsupported by countervailing proof, the district court is entitled to rely on the facts in the PSR." *United States v. Cyr,* 337 F.3d at 100. An indictment does not provide any underlying facts for consideration by the sentencing court. Allegations in an indictment are not fact. It is impossible for Mr. Kinney, who has

9

not been arraigned on the state indictment or had the benefit of reviewing the state's case, to specifically challenge or provide countervailing proof of unknown facts.

The 5 level enhancement under U.S.S.G. § 4B1.5 is not applicable to Mr. Kinney's case due to the lack of factual allegations to substantiate the enhancement. The indictment, standing alone, does not constitute facts nor does it meet the preponderance of the evidence standard. Mr. Kinney submits that the First and Final PSI, ECF Nos. 30, 31, properly calculates his sentencing guidelines.

Christopher Kinney,
By his attorney,

s/MJ Ciresi
Mary June Ciresi
238 Robinson Street
Wakefield, RI 02879
401.447.5715 (mobile)
401.829.4966 (fax)
mjciresi@ciresilaw.com

## CERTIFICATION

I hereby certify that this document filed through the CM/ECF system on the 4th day of December 2019 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

s/MJ Ciresi