UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER KINNEY | Case No. 1:18-cr-00068-WES |

UNITED STATES' RESPONSE TO DEFENDANT'S
OBJECTION TO THE PRESENTENCE REPORT

On May 30, 2019, Defendant plead guilty to Count 1, Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b); Count 4, Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2)&(b)(1); and Count 6, Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B)&(b)(2).

Sentencing was originally scheduled for September 13, 2019. On that date, the United States informed the Court that the Presentence Report (PSR), ECF No. 31, completed by the United States Probation Office did not consider, when calculating the applicable sentencing guideline, a Rhode Island indictment then pending against Defendant which, upon information and belief, charged Defendant with multiple counts of child molestation against three minor female victims.  Probation Officer Picozzi, the author of the PSR, was unable to access the contents of the state indictment because it was under seal at the time she compiled the PSR.  Thereafter, the United States took steps which caused the R.I. Superior Court, on September 24, 2109, to issue an order directing that the contents of Indictment No. P1-2018-2635A "may be disclosed

1

to 1) Molly Picozzi, U.S. Probation Officer, for the purpose of preparing a pre-sentence report in the matter of <u>United States v. Christopher Kinney</u>, Case No. l:18-cr-0068-WES-PAS, 2) Hon. William E. Smith, Chief Judge, U.S. District Court, District of Rhode Island, for consideration when imposing sentence in said federal criminal case, 3) the attorneys for the United States and Mr. Kinney in said federal criminal case, and 4) Christopher Kinney."

After accessing state indictment P1-2018-2635A, Probation Officer Picozzi prepared a revised Final PSR that contemplated the information contained in the state indictment when calculating the guideline sentencing range in the instant matter. *See* ECF 36. Specifically, the revised Final PSR sets forth the contents of the state indictment, namely, that Counts 1, 3, 8, and 10 of P1-2018-2635A charge Defendant with First Degree Child Molestation and Counts 2, 4, 5, 6, 7, and 9 charge Defendant with Second Degree Child Molestation:

> According to the 10-count Indictment, beginning on a date between October 10, 2009 and October 9, 2014, Mr. Kinney engaged various forms of sexual contact to include digital/anal penetration; hand to buttocks; digital/vaginal penetration; hand to vagina; with J.F., a minor, age 14 years or younger in Warwick RI. During those same dates, Mr. Kinney engaged in sexual contact to include digital/vaginal penetration, with C.C., a minor, age 14 years or younger in Warwick, RI. Lastly, on April 9, 2013, Mr. Kinney engaged in sexual contact to include hand to inner thigh, with Y.G., a minor, age 14 or younger in Providence, RI.

*See* ECF 36, ¶ 102. As a result of the information contained in the indictment, the PSR added a Chapter Four Enhancement:

> The offense of conviction is a covered sex crime, neither §4B1.1 (Career Offender) nor subsection (a) of §4B1.5 applies and the defendant engaged in a

> pattern of activity involving prohibited sexual conduct. Specifically, on April 26, 2018, the defendant was charged with Counts 1, 3, 8, 10: First Degree Child Molestation; Counts 2, 4, 5, 6, 7: Second Degree Child Molestation; and Count 9: Second Degree Child Molestation, docket P1-2018- 2635A through the Providence Superior Court. Therefore, the defendant is a repeat and dangerous sex offender against minors. The offense level shall be 5 plus the offense level determined under Chapters Two and Three. In this case the applicable offense level is 39. U.S.S.G. §4B1.5(b)(1).

*See* ECF 36, ¶ 94.  The new guideline imprisonment range in the revised Final PSR was calculated to be 188 months to 235 months based upon a total offense level of 36 and a criminal history category of I.

Thereafter, on December 4, 2019, Defendant filed an Objection to the Chapter Four Enhancement found in ¶ 94 of the PSR.  *See* ECF 40. In short, Defendant complains that "[t]he Revised Final PSI [sic] does not state specific, reliable facts relied upon by the State of Rhode Island in obtaining the indictment against Mr. Kinney." ECF 40, p. 4. Further, defendant asserts "Not only does the state court indictment filed against Mr. Kinney fail to establish a factual basis for the alleged conduct needed to support an enhancement under pattern activity, the indictment fails to meet the preponderance of the evidence standard." ECF 40, p. 8-9.

A. <u>U.S.S.G. §4B1.5(b)(1) was properly applied.</u>

Section 1B1.1 of the Sentencing Guidelines instructs courts to follow a three-step process when applying the Guidelines:

> (a) The court shall determine the kinds of sentence and the guideline range as set forth in the guidelines (see 18 U.S.C. § 3553(a)(4) ) by applying the provisions of this manual....

3

>  (b) The court shall then consider Parts H and K of Chapter Five, Specific Offender Characteristics and Departures, and any other policy statements or commentary in the guidelines that might warrant consideration in imposing sentence. *See* 18 U.S.C. § 3553(a)(5).
>
>  (c) The court shall then consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole. See 18 U.S.C. § 3553(a).

Since the guidelines were rendered advisory in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court has clarified the role that the advisory Guidelines play in sentencing procedures. "First, a district court should begin all sentencing proceedings by <u>correctly calculating</u> the applicable Guidelines range.... [T]he Guidelines should be the starting point and the initial benchmark. The district court must then consider the arguments of the parties and the factors set forth in § 3553(a)." *Peugh v. United States*, 569 U.S. 530, 133 S.Ct. 2072, 2080, 186 L.Ed.2d 84 (2013) (citation omitted) (internal quotation marks omitted)(emphasis added).

The PSR correctly applied U.S.S.G. §4B1.5(b)(1)'s 5-level enhancement because Count 1, Coercion and Enticement of a Minor, to which Defendant has plead "is a covered sex crime, neither §4B1.1 nor subsection (a) of th[e] guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. §4B1.5, comment (n. 2) defines a "Covered Sex Crime" as "an offense, perpetrated against a minor, under…chapter 117 of [title 18, United States Code]." Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), is an offense that falls within Chapter 117 of Title 18. U.S.S.G. §4B1.5, comment (n. 1) defines "minor" as an individual who had not attained the age of 18 years or, as here, an undercover law

enforcement officer who represented to the Defendant that the officer had not attained the age of 18 years. **Under** U.S.S.G. §4B1.5, comment (n. 4(A)) "prohibited sexual conduct" means any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), which includes offenses under Chapter 109A involving Aggravated Sexual Abuse, Sexual Abuse of a Minor, or any state offense that would have qualified as an offense under Chapter 109A if it had occurred in the special maritime and territorial jurisdiction of the United States. The state charges on which Defendants stands indicted in P1-2018-2635A would have qualified as offenses under Chapter 109A. [1] To qualify as a pattern, there must be at least two separate instances of prohibited sexual conduct with a minor. U.S.S.G. §4B1.5 comment (n. 4(B)(i)). In determining whether a "pattern" existed, the Court may consider the instant offense of conviction in addition to other unrelated instances of prohibited sexual conduct.

The information gleaned from state indictment P1-2018-2635A, viewed in concert with the instant offense of conviction, constitutes a "pattern of activity involving prohibited sexual conduct" under U.S.S.G. §4B1.5(b)(1) and supports its application. The indictment sets forth 10 sexual acts Defendant allegedly committed on three

---

[1] R.I.G.L § 11-37-8.1, First degree child molestation sexual assault, prohibits sexual penetration with a person fourteen (14) years of age or under. The definition of "Sexual Penetration" includes those acts in which Defendant allegedly engaged with a females under 14 years of age, namely, digital/anal penetration and digital/vaginal penetration. R.I.G.L § 11-37-8.3, Second degree child molestation sexual assault, prohibits sexual contact with anyone 14 years of age or under, which would include the hand-to-vagina contact and "inner thigh" contact in which Defendant allegedly engaged. These acts – if federal jurisdiction were otherwise satisfied – would have violated 18 U.S.C. § 2241(c), Aggravated Sexual Abuse With Children.

separate victims on multiple occasions over a period of time, independent of the child enticement of which Defendant stands convicted in the instant matter. Although defendant has yet to be convicted on the charges contained in P1-2018-2635A, the clear purpose of § 4B1.5(b) is to capture sexually exploitive conduct towards children (other than possession or trafficking of child pornography) which did not result in a conviction. Any other reading renders § 4B1.5(a), which applies when the defendant *does* have a prior sex offense conviction, redundant and meaningless. "U.S.S.G. § 4B1.5(a) relies on the existence of at least one prior conviction for a sex offense. In contradistinction, § 4B1.5(b), by its terms, punishes a pattern of prohibited conduct with no reference to whether such conduct in fact led to a conviction or any form of punishment." *United States v. Phillips*, 431 F.3d. 86, 90 (2nd Cir. 2005); *see also, e.g., United States v. Broxmeyer*, 699 F. 3d 265, 284-288 (2nd Cir. 2012)(same). Indeed, Application Note 4(B)(ii) states that an occasion of prohibited sexual conduct may be considered "without regard to whether the occasion…resulted in a conviction for the conduct that occurred on that occasion."

    B. <u>Evidentiary Standard</u>

Though, on its face, U.S.S.G. §4B1.5(b)(1) properly applies to Defendant's guideline calculation, Defendant's main grievance with the application of the enhancement in the PSR is the quantum of proof associated with the allegations in the state indictment. Defendant claims because the charges are contained in an indictment and are not convicted conduct, they lack sufficient indicia of reliability to trigger

application of the guideline enhancement, falling short of the "preponderance of evidence" standard necessary for the Court to deem the enhancement applicable. Defendant's argument, however, ignores established law relating to sentencing proceedings in similar circumstances.

Neither the Federal Rules of Evidence nor constitutional provisions related to evidentiary matters (e.g., the Confrontation Clause of the Sixth Amendment) apply at sentencing. *See* Fed. R. Evid. 1101(d)(3); *United States v. Hinkley*, 803 F.3d 85, 92 (1st Cir. 2015)(no Confrontation right at sentencing proceedings). Therefore, the court may consider hearsay and other types of information that would not be admissible during a trial. 18 U.S.C. § 3661.   The Sentencing Commission has stated that information considered by a court at sentencing must have "sufficient indicia of reliability to support its <u>probable</u> accuracy." USSG §6A1.3(a)(emphasis added).

When applying the enhancement under U.S.S.G. §4B1.5(b)(1), courts have held that "[t]he sentencing court is not prohibited from considering uncharged or acquitted conduct," *United States v. Wohlman*, 651 F.3d 878,884 (8th Cir. 2011)(citation omitted), meaning, a fortiori, this Court can certainly consider an indictment, based on probable cause, charging defendant with myriad sex crimes against multiple victims on various dates. During the course of the instant investigation, information was uncovered which caused federal and state authorities to conduct forensic interviews of three females known to the Defendant. These interviews were audio and video recorded.  During the interviews, which were conducted by a forensic interviewer trained in interviewing

7

child victims, these females recounted, in response to open-ended questions, certain sexual acts Defendant visited upon them when they were minors.  The video recordings of these interviews were later presented to a Rhode Island grand jury, resulting in the charges contained in indictment P1-2018-2635A.

The First Circuit has recognized that evidentiary requirements at the sentencing stage are significantly less rigorous than they are at trial.  *Hinkley*, 803 F.3d at 92. A sentencing court has broad discretion to accept relevant information without regard to its admissibility under the rules of evidence applicable at trial, as long as it concludes that the information has sufficient indicia of reliability. *Id.* (*citing United States v. Cintrón–Echautegui,* 604 F.3d 1, 6 (1st Cir.2010)). In *Hinckley*, on appeal the defendant grieved the district court's application of U.S.S.G. § 4B1.5(b)(1) 5-level enhancement where the district court relied on reports and of inappropriate sexual contact that allegedly occurred between the defendant and an *anonymous* minor victim.   Hinkley argued, as Defendant does here, that the allegations, which were introduced through *two written police reports* and testimony by the detective who investigated the minor's complaint, were unreliable  because the identity of the minor was undisclosed and the minor could not be cross-examined.  The First Circuit found that the district court did not abuse its discretion in finding the evidence reliable for sentencing purposes, and denied Hinckley's appeal. *Id.*

Here, unlike *Hinckley*, Defendant, through discovery in 2018, was furnished with the video-recorded interviews of the known minor victims, which are also available to

the Court at sentencing. Further, a duly constituted Rhode Island Grand Jury listened to each of those recordings and, based on a probable cause standard, charged those offenses contained in indictment P1-2018-2635A. Based thereon, this court would certainly would be justified in finding adequate evidence exists upon which to apply the enhancement contained in U.S.S.G. § 4B1.5(b)(1). Indeed, application of guideline enhancements have been upheld where sentencing judges have relied upon information contained in police reports alone so long as that information bore sufficient indicia of reliability. *See, e.g., United States v. Gray*, 2019 WL 5850398, (3rd Cir. 2019).

Wherefore, the United States respectfully submits that U.S. Probation properly applied the 5-level enhancement found in U.S.S.G. § 4B1.5(b)(1) and the imprisonment guideline range found in ECF 40, ¶ 129 was correctly calculated.

>Respectfully submitted,
>
>AARON L. WEISMAN
>United States Attorney
>
>/s/ Ronald R. Gendron
>RONALD R. GENDRON
>Assistant U.S. Attorney
>50 Kennedy Plaza, 8th Floor
>Providence, RI 02903
>ronald.gendron@usdoj.gov
>Tel: 401-709-5036
>Fax: 401-709-5001

**CERTIFICATE OF SERVICE**

I, hereby certify that on this 11th day of December, 2019, I caused the within United States' Response to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF System.

        <u>/s/ Ronald R. Gendron</u>
RONALD R. GENDRON
Assistant U.S. Attorney