**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**UNITED STATES**

**V.**                                                                       **CR. NO.: 18-68-WES-PAS**

**CHRISTOPHER KINNEY**

**DEFENDANT'S SENTENCING MEMORANDUM**

Mr. Kinney is 47 years old. He has no prior criminal history. He has been detained since May 18, 2018. He has lived at the Wyatt Detention Facility for 3 long years plus 7 long months. He has been trapped in a prison during a pandemic.[1] "Presently there are 1,194 federal inmates and 420 BOP staff who have confirmed positive test results for COVID-19 nationwide."[2] COVID-19 changed the lives of the worldwide population. People could not interact with those outside their household. Masks were mandated. People had to work from home. Business shut down.

Unlike the prisoners, those in society were able to protect themselves from this deadly virus. Prisoners did not have that option. They had to live in close proximity with one another without sufficient resources to protect themselves from the highly contagious virus. Mr. Kinney had taken advantage of the rehabilitative resources available to him prior to the pandemic. Rehabilitative programs ceased to exist due to the virus. There were no longer programs available for inmates.[3]

In addition to the challenges of living in prison during a pandemic, Mr. Kinney experienced the grief caused by death of a loved one. His mother's boyfriend, who was a

---

[1] https://time.com/5791661/who-coronavirus-pandemic-declaration/
[2] https://www.bop.gov/coronavirus/
[3] Programs at the Wyatt Detention Facility had been resumed but was suspended on January 3, 2022.

1

father like figured passed away. His presentence incarceration has been particularly harsh.

The Court's role in sentencing is to fashion a sentence that is sufficient but not greatest than necessary to satisfy the mandates of 18 U.S.C. § 3553(a). This Court must still correctly calculate the guideline range, *Gall v. United States*, 552 U.S. 38, 49 (2007). The guidelines are but "one factor among several" to be considered in imposing an appropriate sentence under § 3553(a). *Kimbrough v United States*, 552 U.S. 85, 90 (2007).

NATURE AND CIRCUMSTANCES OF THE OFFENSE

The facts of the offense are set forth in the PSI. ECF No. 41. Mr. Kinney pled guilty to Count 1, - Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), Count 4, Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) and Count 6 - Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

HISTORY AND CHARACTERISTICS OF MR. KINNEY

It is obvious that Mr. Kinney is a person with mental and emotional disorders. Like many people that appear before the Court, Mr. Kinney had a difficult childhood. He grew up without a father in the household. He did have visitation, however, that is a far cry from being raised by a father. His mother was the custodial parent of Mr. Kinney and his brother. It was her responsibility to protect Mr. Kinney.

Mr. Kinney had a speech disorder as a child. He was different from his peers. His maternal grandmother lived in a school district that offered speech therapy. At 6 years old, mother sent him to live with his grandparents in order to correct his speech impediment. His mother unwittingly placed him in harm's way.

2

After moving in with his grandparents, his grandfather began sexually abusing him. He recalled that his grandparents had foster children living with them and his grandfather sexually abused them as well. He endured sexual abuse for 7 years. His mother failed to protect him from his abuser.

After Mr. Kinney left his grandparent's home, he was rejected by his biological father. His father deserted him because a long commute was too much of a burden to exercise visitation.  His mother had remarried . Once again, she placed her son in harm's way. Her new husband physically abused Mr. Kinney. His mother failed to protect him again. Upon divorcing her new husband, his mother took up with a new man, abandoned Mr. Kinney and left him to raise himself during his high school years.

SENTENCE TO BE IMPOSED

Mr. Kinney faces a mandatory minimum sentence of 10 years on Count 1 of the indictment -  Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). Mr. Kinney has objected to the guideline calculations as reflected in ¶ 129 of the Final Revised Presentence Investigative Report(PSI), which calculated Mr. Kinney's total offense level at 36 in criminal history category I. ECF No. 41. The guideline imprisonment range for a level 36 is 188 months to 235 months. *Id*. The Total Offense level was achieved by increasing Mr. Kinney's guidelines by 5 levels under USSG §4B1.5(b)(1).  Mr. Kinney objects to the 5 level increase based upon an indictment submitted by the government and the unchallenged statements made by alleged victims approximately 5 years after the alleged abuse occurred and after a prior denial made 5 years earlier, which lack an indicia of reliability. The correct Total Offense Level is 31 with a sentencing range of 108 – 135 months.

3

Mr. Kinney is a simple man. His recollection of dates is poor. He believes he met Heather Cardoza in 2005. They moved in with one another when Ms. Cardoza's daughter, MV1 was an infant. MV1 was born in the fall of 2006. Mr. Kinney believes that his relationship with Ms. Cardoza ended in 2008. It was actually 2009 when the relationship ended. Shortly after the breakup, Mr. Kinney moved to Florida in December 2009 and remained in Florida until April 2012.[4]

The alleged victims who were MV3 age 13, MV2 age 8 and MV1 age 6 in 2013 provided statements about alleged abuse that occurred when Mr. Kinney was residing in Florida. [5] Further, MV3 previously gave conflicting versions of events and ultimately admitted that Mr. Kinney did not touch her in a manner that constituted sexual assault In 2013, when questioned at the Child Advocacy Center, MV1 denied any inappropriate touching and talked about her like of Mr. Kinney.

A sentence of incarceration is mandatory in this case. The Court must determine the length of a prison sentence that is appropriate for Mr. Kinney. Mr. Kinney actually possessed and distributed child pornography. He possessed less than 150 images, none of which were videos. Fortunately the charge of Coercion and Enticement of a Minor was an attempt and no actual 14 year old victim was involved. That is the count with the most severe penalty.

Should the Court find that the Total Offense Level is 36, the Court may vary from the advisory guideline range. The actual conduct constituting the offenses in the indictment should control the sentence. A sentence of 120 months incarceration is sufficient but not greater than necessary to serve the ends of justice, to reflect the

---

[4] The correct dates are set forth in a statement made by Ms. Cardoza during an interview in 2013. The transcript will be submitted under seal.
[5] Id.

seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a).

Christopher Kinney,
By his attorney,

s/MJ Ciresi
Mary June Ciresi
36 South County Commons Way
Suite C6
Wakefield, RI 02879
401.447.5715 (mobile)
401.829.4966 (fax)
mjciresi@ciresilaw.com

**CERTIFICATION**

I hereby certify that this document filed through the ECF system on the 3rd day of January 2022 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

s/MJ Ciresi